IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BREMER, *individually and on behalf of all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-2-RP |
| SOLARWINDS CORPORATION, KEVIN B. THOMPSON, and J. BARTON KALSU, | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| DANIEL AZPURUA, *individually and on behalf of all other similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-47-RP |
| SOLARWINDS CORPORATION, KEVIN B. THOMPSON, and J. BARTON KALSU, | § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, *on behalf of itself and all others similarly situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-138-RP |
| SOLARWINDS CORPORATION, KEVIN B. THOMPSON, and J. BARTON KALSU, | § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the Joint Stipulation Regarding Defendants' Deadline to Answer or

Otherwise Respond to Plaintiffs' Complaints and Subsequent Amendment, filed by SolarWinds

Corporation, Kevin B. Thompson, and J. Barton Kalsu (collectively, "Defendants") and Plaintiff

Timothy Bremer, Plaintiff Daniel Azpurua, and Plaintiff New York City District Council of

Carpenters Pension Fund, on behalf of themselves and all others similarly situated (collectively,

"Plaintiffs" and together with Defendants, the "Parties"). The Parties seek to vacate Defendants'

deadline to answer or otherwise respond to Plaintiffs' Complaints. The Parties agree that

within 10 days of the entry of an order consolidating the above-captioned actions and appointing

lead plaintiff and lead counsel, Defendants' counsel will consult with lead counsel on a proposed

schedule for the filing of a consolidated complaint and Defendants' time to respond to the

consolidated complaint. Defendants and the Court-appointed lead plaintiff will then submit the

proposed schedule to the Court for its consideration.

A stipulation to extend a deadline set by the Federal Rules of Civil Procedure is ineffective

without court approval. *See* Fed. R. Civ. P. 6(b); 4A Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure § 1165, at 488 ("A stipulation by the parties for an extension of time is

ineffective if it is not also embodied in an order of the district court."). The Court will, however,

construe the parties' stipulation as a joint motion, and it will grant that motion. The parties shall seek

future extensions of time in the form of a motion.

Accordingly, it is **ORDERED** that:

1. Defendants are not required to respond to the Complaints in any of the above captioned

actions.

2. These actions are governed by the Private Securities Litigation Reform Act of 1995, 15

U.S.C. § 78u-4, *et seq.*, which provides for the appointment of a lead plaintiff and lead counsel.

3. Within 10 days of the entry of an order consolidating the above-captioned actions and

appointing lead plaintiff and lead counsel, Defendants' counsel will consult with lead counsel on a

2

proposed schedule for the filing of a consolidated complaint and Defendants' time to respond to the consolidated complaint, which Defendants and the Court-appointed lead plaintiff will then submit to the Court for its consideration.

**SIGNED** February 26, 2021.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE