IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TIMOTHY BREMER, *individually and on behalf of all others similarly situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-2-RP |
| SOLARWINDS CORPORATION, KEVIN B. THOMPSON, and J. BARTON KALSU, | § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| DANIEL AZPURUA, *individually and on behalf of all other similarly situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-47-RP |
| SOLARWINDS CORPORATION, KEVIN B. THOMPSON, and J. BARTON KALSU, | § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, *on behalf of itself and all others similarly situated*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-138-RP (lead) |
| SOLARWINDS CORPORATION, KEVIN B. THOMPSON, and J. BARTON KALSU, | § § § § | |
| Defendants. | § § | |

1

**ORDER**

Before the Court is Presumptive Lead Plaintiff New York City District Council of Carpenters Pension Fund's ("NYC Carpenters") Unopposed Motion to Consolidate Cases (the "Motion"). (Dkt. 15). In that Motion, the NYC Carpenters request that this Court consolidate this case with *New York City District Council of Carpenters Pension Fund v. Solar Winds Corporation, Kevin B. Thompson, and J. Barton Kals*, 1:21-cv-138-RP, name NYC Carpenters as lead plaintiff, and approve Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as lead counsel for the class members. (*Id.* at 3). The two cases also involve "virtually identical factual and legal issues because they both assert claims under the Exchange Act against the same Defendants, and are premised upon substantially similar misrepresentations and omissions regarding the [SolarWinds Corporation]'s cybersecurity controls." (Mem. Law, Dkt. 10-1, at 9). Furthermore, all parties "have acknowledged [that] consolidation is appropriate under Rule 42(a)." (*Id.* at 10).

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." District courts have broad discretion in determining whether to consolidate cases. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989). Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See id.*; *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). Having considered NYC Carpenters' motion, the commonalities between both cases, the parties' agreement to consolidation, and the interests of judicial economy, the Court will grant NYC Carpenters' Motion as to consolidation.

NYC Carpenters also ask the Court to appoint them as lead plaintiff and approve of Bernstein Litowitz as lead counsel for the class of plaintiffs under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which amended the Securities Exchange Act of 1934, 15 U.S.C. § 78u–4(a). (Dkt. 10, at 3). With respect to the appointment of lead plaintiff, the PSLRA requires that

the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u–1(a)(3)(B)(i). In making this determination, the court is guided by the "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons that—(aa) has either filed the complaint or made a motion in response to a notice [that is published no later than twenty days after the complaint is filed] . . . ; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u–1(a)(3)(B)(iii)(I). As for the selection of lead counsel, the PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).

Here, it is clear that NYC Carpenters has "by far" the largest financial interest in the relief sought by the class members, as shown in the comparison table provided in their memorandum of law. (Dkt. 10-1, at 11). Because NYC Carpenters has sustained a loss that is "multiples larger than the loss incurred by Bremer and Azpurua," NYC Carpenters has sufficiently demonstrated that it "has the greatest financial interest in the litigation." *Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017). NYC Carpenters also satisfies the adequacy and typicality requirements of Rule 23—their claims and those of all other class members "arise from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical." (Dkt. 10-1, at 12). Furthermore, NYC Carpenters, as a "large, sophisticated institutional investor" with "substantial financial stake in the litigation" has already taken "significant steps to protect the interests" of all class members. (*Id.* at 13); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 281 (N.D. Tex. 2001) (noting that Congress intended for institutional investors "to step forward to lead securities class actions"). Given that the NYC Carpenters filed a timely motion to be appointed lead plaintiff,

is the movant with the largest financial interest in the case, and satisfies the typicality and adequacy requirements of Rule 23, the Court finds that NYC Carpenters should be named lead plaintiff.

NYC Carpenters finally ask the Court to approve of their selection of Bernstein Litowitz, a "prominent securities class action firm" with "extensive experience serving as lead counsel" as lead counsel for class members. (Dkt. 10-1, at 14). The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Having reviewed Bernstein Litowitz's resume, the Court approves of the NYC Carpenters' selection of Bernstein Litowitz as lead counsel. (Resume, Dkt. 10-9).

Accordingly, **IT IS ORDERED** that NYC Carpenters' Motion to Consolidate Cases, (Dkt. 15), is **GRANTED**. This action is **CONSOLIDATED** into Cause No. 1:21-cv-138-RP, which will be the lead case.

**IT IS FURTHER ORDERED** that NYC Carpenters is **APPOINTED** to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the Consolidated Action and all related actions consolidated pursuant to paragraph 3 of this Order.

**IT IS FURTHER ORDERED** that NYC Carpenters' selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP is **APPOINTED** as Lead Counsel for the Class.

**IT IS FINALLY ORDERED** that The Consolidated Action shall be captioned *In re SolarWinds Corporation Securities Litigation*, and the file shall be maintained under Master File No. 1:21-cv-138-RP.

**SIGNED** on March 11, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE